**C.R. McRAE, Plaintiff,**

v.

**Jessie Lee SAWYER, Juanita Peterson, Gary D. Porter, Joseph T. Brunson, Defendants.**

**Civ. A. No. S85–1359(NG).**

United States District Court, S.D. Mississippi, S.D.

Nov. 14, 1986.

William T. Reed, Pascagoula, Miss., James W. Nobles, Jackson, Miss., for plaintiff.

Rhona S. Alter, Ronald G. Peresich, Biloxi, Miss., Joseph T. Brunson, Gary D. Porter, Mobile, Ala., for defendants.

## MEMORANDUM OPINION

GEX, District Judge.

Joseph T. Brunson, Esquire, and Gary D. Porter, Esquire, Defendants in the above captioned action, have filed a Motion to Dismiss, or in the Alternative, for Change of Venue. After having reviewed the briefs with attachments submitted by the parties, the Court concludes, with respect to Defendants' motion to dismiss for lack of personal jurisdiction, that their request should be denied.

Jessie Lee Sawyer and Juanita Peterson, Alabama residents, were injured in Alabama in October, 1979, when a tractor-trailer owned by McDonald Petroleum Company and utilized by McDonald in pursuit of its agency relationship with Chevron U.S.A., Inc., collided with their vehicle. C.R. McRae, Esquire, a Mississippi resident and an attorney licensed to practice in the State of Mississippi only, contracted with Sawyer and Peterson in November, 1979, to act as their representative in their efforts to secure legal remedies for their injuries against both McDonald and Chevron. McRae developed their claims against the tortfeasors until November 23, 1982, when he received letters from both Sawyer and Peterson informing him that they no longer desired his services. Shortly thereafter, Sawyer and Peterson retained Alabama counsel, defendants Joseph T. Brunson and Gary D. Porter, respectively.

C.R. McRae filed the instant action against Ms. Sawyer, Ms. Peterson, Attor-

**64**

ney Brunson, and Attorney Porter. McRae alleges with respect to defendants Brunson and Porter that they "tortiously interfered with your Plaintiff's contract with Defendants Sawyer and Peterson."

Federal jurisdiction is based on diversity of citizenship. The burden of establishing jurisdiction over the defendants must be borne by the plaintiff. In resolving the jurisdictional issue the Court should review affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized products of discovery presented by the parties. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

After diligently considering the record, the Court finds the following facts to be uncontroverted. Defendants Brunson and Porter travelled to C.R. McRae's office in Pascagoula, Mississippi, to try to obtain a copy of McRae's files on defendants Sawyer and Peterson; Brunson and Porter both mailed letters to McRae in Pascagoula, Mississippi, requesting the release of information in the Sawyer and Peterson files; Brunson and Porter both telephoned McRae's office from Alabama in an effort to secure information concerning the Sawyer and Peterson files.

In a diversity action, the propriety of the federal court's exercise of personal jurisdiction over non-resident defendants is determined by a two-step inquiry. First, the law of the forum state must provide for the assertions of such jurisdiction; second, the state law must be consistent with federal due process requirements under the Fourteenth Amendment. *Smith v. Dewalt Products Corp.*, 743 F.2d 277, 278 (5th Cir.1984).

■ The Mississippi Supreme Court has long recognized that where a non-resident's action outside the forum causes tortious injury within the forum, the state's courts properly exercise personal jurisdiction over the non-resident. In *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss.1971) the Mississippi Supreme Court wrote:

The tort is not complete until injury occurs, and if the injury occurs in this State, then, under the [long-arm] statute,

the tort is committed at least in part, in this State, and [in] personam jurisdiction is conferred upon the Mississippi Court. *Id.* at 216. *Accord, Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333 & n. 12 (5th Cir.1982) (if defendant's out of state act causes injury in Mississippi he is amenable to suit in this jurisdiction). McRae's loss of clients resulting in the loss of expected income for his services is clearly an injury that occurred in Mississippi. The forum would permit exercise of personal jurisdiction over Brunson and Porter in this case.

■ Due process requirements are satisfied if the defendant has maintained systematic and continuous contacts with the forum such that the exercise of "general jurisdiction" over the non-resident would not offend traditional notions of justice and fairness in any cause of action or if the defendant has had some specific and non-fortuitious contact with the forum out of which a suit arises such that the exercise of "specific" jurisdiction over the non-resident would not offend traditional notions of justice and fairness *in that particular cause of action*. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (emphasis added). It is clear beyond doubt that the Court properly has "specific jurisdiction" over defendants Brunson and Porter in this case. These defendants physically entered this forum in connection with the Sawyer and Peterson claims which are at the heart of this action. Further, defendants telephoned McRae in this forum and wrote to McRae in this forum with respect to the Sawyer and Peterson claims which ultimately spawned this litigation.

Brunson and Porter's reliance on *Martin & Martin v. Jones*, 616 F.Supp. 339 (S.D. Miss.1985) is misplaced. In *Martin & Martin*, the district court clearly pointed out that none of the defendants ever physically entered the state of Mississippi to discuss their claims with Martin & Martin; all correspondence between Martin & Martin and the non-resident defendants, germinated from Martin & Martin to the defendants and not from the defendants to Martin &

Martin., *Id.* at 342 & n. 1. Obviously, the defendants in *Martin & Martin* did not occasion specific, non-fortuitous, contact with the forum as is the case in the instant litigation. This Court unreservedly recognized the correctness of the *Martin & Martin* decision, nonetheless, based on the distinctions between *Martin & Martin* and the instant case, the Court concludes that *Martin & Martin* is not controlling. This Court has personal jurisdiction over Brunson and Porter; the motion to dismiss shall be denied.

Alternatively, Brunson and Porter request that this cause be transferred to the Southern District of Alabama pursuant to 28 U.S.C. Section 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The statute directs the Court to consider the availability and convenience of witnesses and parties and the interest of justice. The location of counsel for all parties, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the state's law that will govern the case, and the plaintiff's right to select the forum are additional factors which the Court must weigh in resolving a motion for change of venue. The plaintiff's choice of forum, however, is the most important factor and should only be disturbed when the other factors weigh heavily in defendant's favor. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

The plaintiff has chosen this Court as his forum and has stated a cause of action, to-wit, tortious inference with a business contract, which is recognized under Mississippi common law. Counsel for both the plaintiff, C.R. McRae, and the defendants, Joseph T. Brunson and Gary D. Porter, practice in this forum. The distance between the federal court in the Southern District of Alabama and this Court is less than sixty (60) miles and the witnesses appear to be drawn equally from Mobile, Alabama, and Pascagoula, Missis-

sippi. Under the circumstances, the Court concludes that, in line with *Gilbert*, the plaintiff's choice of venue should not be disturbed. Defendants' motion for change of venue shall also be denied. A separate Order consistent with this Memorandum Opinion will be entered.