**William and Jo Ann EMRICK, Individually and as Next Friends of Ry Ann EMRICK, Plaintiffs,**

**v.**

**CALCASIEU KENNEL CLUB, INC., Defendant and Third Party Plaintiff,**

**v.**

**FORD MOTOR COMPANY and Dorsey and Winnie McCall, Third Party Defendants.**

**Civ.A.No. 1:91cv858.**

United States District Court, E.D.Texas, Beaumont Division.

July 28, 1992.

Dennis Reich, Shari A. Wright, Reich & Binstock, Houston, Tex., for plaintiffs.

Evan B. Glick, Edward J. Hennessey, Houston, Tex., for defendant.

## MEMORANDUM

COBB, District Judge.

William and JoAnn Emrick sue Calcasieu Kennel Club, Inc. (CKC) for injuries their daughter, Ry Ann, incurred when she was struck by an automobile in the parking lot at a dog show hosted by CKC. CKC now moves to dismiss for lack of jurisdiction or to transfer.

## PERSONAL JURISDICTION

■ The exercise of jurisdiction over a nonresident defendant requires that the defendant be amenable to service of process under the forum state's long-arm statute and that the assertion of jurisdiction be consistent with constitutional due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Texas long-arm statute extends to the limits of due process. *Schlobohm v. Shapiro*, 784 S.W.2d 355, 357 (Tex.1990). The inquiry, then, is whether exercise of jurisdiction over this defendant would comport with due process.

■ Due process demands that a defendant have sufficient contacts with the forum state to justify a conclusion that it should reasonably anticipate being called into court there. *Jones*, 954 F.2d at 1068. When a defendant has continuing and systematic contacts with the state and the assumption of jurisdiction by the state does not offend traditional notions of fairplay and substantial justice, jurisdiction is proper, even though the cause of action does not arise from those contacts. *Id.* at 1068.

■ CKC is a Louisiana corporation with its principal place of business in Lake Charles, Louisiana, thirty-five miles from the Texas–Louisiana border. CKC and the Beaumont Kennel Club held dog shows together each of the last five years. The two clubs cooperated to hold shows in Beaumont in 1987, 1989, and 1991. On alternate years, the clubs held shows in Lake Charles. The clubs plan another show in Beaumont in 1993. In relation to the Beaumont shows, the CKC contracts with exhibitors regarding mutual obligations concerning the show and contracts with the judges for their services.

Further, the CKC makes a concentrated effort to attract participants for its shows from Texas. The CKC's agent and promotor solicits potential dog show participants from an area with a three-hundred mile radius of Lake Charles, including a sizable portion of East Texas. CKC also mails approximately 7,500 promotional packages to potential exhibitors by direct

mail for each show the club holds. Up to seventy-four percent of the persons contacted in this way are Texans. For example, for the April, 1991 show in Lake Charles, CKC sent 5,982 of the 7,811 packages to Texas addresses. CKC also sends information to the offices of eighty-eight kennel clubs, forty-two of which are in Texas. CKC advertises in regional publications which are circulated in Texas. CKC's efforts to solicit Texans to participate in CKC-sponsored activities have been successful; Texas residents make up sixty to sixty-five percent of the entrants in CKC shows.

These facts show continuous and systematic contacts sufficient to bring the CKC within the jurisdiction of this court.

### VENUE

■ CKC also moves to transfer this case to the Western District of Louisiana, Lake Charles Division. Venue is proper in Beaumont. See 28 U.S.C.A. § 1391(a) (any "judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.") However, 28 U.S.C. § 1404(a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.* Transfer under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The burden is on the moving party to establish why there should be a change in forum. *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987). In determining whether to grant motion to transfer an action, a district court takes into account the plaintiff's choice of forum, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the location and convenience of parties and counsel, the place of the alleged wrong, the possibility of prejudice and delay if transfer is granted, the accessibility of sources of proof, and all other practical considerations relative to the trial and determination of the case. *See McRae v. Sawyer*, 660 F.Supp. 62, 65 (S.D.Miss.1986); *United*

*Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986); *Greiner v. American Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D.Tex.1986). Plaintiff's choice of forum is ordinarily given great deference unless the facts of the case clearly militate for trial in an alternative forum. *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F.Supp. 1162; *McRae*, 660 F.Supp. at 65; *United Sonics*, 661 F.Supp. at 681.

■ CKC's principal place of business is Lake Charles, Louisiana, approximately fifty miles east of Beaumont. Up to ten potential witnesses live in the Lake Charles area. Further, the occurrence which is the subject of this suit took place in Lake Charles. Louisiana law will govern this case. Plaintiffs point out that the treating physicians, four witnesses to the accident, and the plaintiffs themselves reside in the Houston area. At present, all potential witnesses are within the court's subpoena power. If this court transferred the case to Lake Charles, the Houston fact witnesses would be beyond the subpoena power of the trial court.

In its discretion, this court declines to transfer this case. The plaintiff's choice of forum, the availability of compulsory process to procure attendance of witnesses, and the convenience of the parties make Beaumont an acceptable venue for this litigation. The applicability of Louisiana law, the location of the accident, and the convenience of the Louisiana witnesses are not dispositive factors. This court is somewhat familiar with and possibly educable on Louisiana substantive law. The frequent interaction between the citizenry and business communities of Beaumont and Lake Charles make the subject of this lawsuit of sufficient local concern to justify the resolution of this conflict here. The attendance of witnesses and parties at trial fifty miles from their homes is not unreasonable.

### CONCLUSION

For the above-stated reasons, the motions for dismissal and transfer are denied.