**David G. SINKO, Plaintiff,**

v.

**ST. LOUIS MUSIC SUPPLY COMPANY, Defendant.**

**Civ. A. No. SA–84–CA–551.**

United States District Court,
W.D. Texas,
San Antonio Division.

Nov. 2, 1984.

Edward Schroeder, San Antonio, Tex., for plaintiff.

Ralph Kalish, St. Louis, Mo., J. Michael Ezzell, San Antonio, Tex., for defendant.

## ORDER

PRADO, District Judge.

The matter before the court is defendant's resisted motion to quash return of service, to dismiss for lack of personal jurisdiction and, alternatively, to transfer, filed on May 1, 1984; and defendant's motion to dismiss for failure to state a claim, filed on June 28, 1984.

In his complaint filed March 16, 1984, plaintiff alleges statutory and common law trademark and unfair competition violations in connection with defendant's sale of mandolins. In lieu of an answer defendant filed the pending motion to dismiss on May 1, 1984.

The standard of ruling on motions advanced under Rule 12(b)(6) is well known. For purposes of this motion the well pleaded material allegations of the complaint are taken as admitted together with reasonable inferences that can be drawn in Plaintiff's favor. *Murray v. City of Milford,* 380 F.2d 468 (2nd Cir.1967). A complaint should be dismissed if clearly without any merit, but should not be dismissed for in-

sufficiency unless it appears to a certainty that Plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir.1980).

Having considered the arguments of the parties the court denies the motions to quash and to dismiss. This controversy concerns defendant's marketing and sale of mandolins bearing plaintiff's registered trademark. Defendant is in the business of importing, manufacturing and selling musical instruments. In 1981 and 1982 defendant imported and sold mandolins from Japan which it in turn sold to retailers in the United States. In addition to defendant's own trademark the imported mandolins had a decorative inlay which, it is alleged, duplicates plaintiff's registered trademark. Defendant admits that one sale of the total 57 mandolins sold with the plaintiff's mark was made to an Austin, Texas music company. Neither plaintiff nor defendant has presented any argument concerning the extent of defendant's marketing and advertising of mandolins with the infringing mark within Texas or nationwide.

Nevertheless, based on the single Austin sale the court finds that it has personal jurisdiction over defendant. Contrary to defendant's characterization, this suit arises out of and is directly related to its contact with the State of Texas. Where a claim arises out of or is related to a particular contact with the forum this court may exercise its specific jurisdiction over a defendant, without offending due process. *Helicopterors Nacionales de Colombia, S.A. v. Hall,* —— U.S. —— 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Accordingly, defendant's challenge based on the lack of personal jurisdiction is denied.

The court also denies defendant's motion to dismiss for failure to state a claim. In support of its motion, defendant contends that plaintiff lacks capacity to bring this suit because the last sale of allegedly infringing mandolins was made in December 1982 at a time when another individual was the trademark registrant. The original registration for this trademark by "Rolfe Gerhardt d/b/a Unicorn Mandolins" was filed September 20, 1978. The allegedly infringing mandolins were marketed and sold in 1981 and 1982. It was not until January 16, 1984 that this registration was assigned to Plaintiff. Nevertheless, defendant has cited no authority for the proposition that an assignee of a trademark is without standing to seek relief for infringement predating the assignment or for the other unfair trade allegations asserted. Furthermore, 15 U.S.C. § 1127 appears to put successors and assigns on equal footing with original registrants for purposes of federal trademark law. Defendant's other argument concerning limitation of damages to which assignees are entitled acknowledges that assignees may sue for prior infringement. Whether assignment of the mark included an assignment of damages for infringement in 1981 and 1982 involves questions of fact which are not yet before the court. After discovery defendant may desire to reurge its motion as one seeking summary judgment presenting the court with documentation for its assertions and appropriate case authority. However at this time the court cannot conclude that Plaintiff is entitled to no relief under any state of facts which could be proved.

Finally, defendant has moved to transfer this action to the Eastern District of Missouri, Eastern Division, or Austin Division of this Court pursuant to 28 U.S.C. § 1404(a).

Initially it is noted that defendant failed to challenge the venue of this district court to hear this dispute. Rather defendant bases its request on 28 U.S.C. § 1404(a) which is applicable where venue is proper in the court where the suit was filed. If not timely raised, venue defects are waived. Federal Rule of Civil Procedure 12(h). Accordingly, any challenge as to the propriety of venue in this district cannot now be urged.

■ Turning to defendant's motion to transfer, the court must consider the availability and convenience of witnesses and parties, location of counsel, location of books and records, costs of obtaining attendance of witnesses and other trial expenses, place of the alleged wrong, and plaintiff's choice of forum. Although the decision regarding transfer is committed to the court's sound discretion, the latter factor is the most influential and should rarely be disturbed unless the balance is strongly in favor of the defendant. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ The court finds that defendant has met its burden by showing that the convenience of parties, availability of witnesses, and costs of litigating this matter favor transfer to Missouri. Although plaintiff did not specifically address this issue, the court surmises that the only witnesses which reside in the Western District of Texas are the prior registrant, the Austin music company and plaintiff. All other potential witnesses are located outside Texas with the majority within the Eastern District of Missouri and presumably subject to compulsory process issued by that court. Expenses for securing attendance of these persons as well as shipping corporate records for trial in San Antonio would far exceed costs which plaintiff would be required to incur by appearing in Missouri.

■ These factors alone although favoring transfer do not justify granting defendant's motion. However, where the connection between plaintiff's claims and this district, while sufficient to pass due process/personal jurisdiction analysis, is nevertheless "miniscule" or so insignificant as to have required dismissal or transfer if properly urged, 28 U.S.C. §§ 1391(b), 1406; *Mida Manufacturing Co. v. Femic Inc.,* 539 F.Supp. 159, 163 (E.D.Pa.1982); *U.S. Fidelity & Guaranty Co. v. Alexander,* 463 F.Supp. 687, 692 (S.D.Ga.1979); *Windsor Industries Inc. v. U.S. Diamond Imports,* 549 F.Supp. 415 (S.D.N.Y.1982), transfer pursuant to Section 1404(a) is in order.

Accordingly, defendant's motion to transfer this cause to the Eastern District of Missouri, Eastern Division, is GRANTED.

Also pending before the court is plaintiff's resisted motion to compel filed October 18. Ruling on that motion will be reserved for consideration by the transferee court.