**UNITED SONICS, INC., Plaintiff,**

**v.**

**John P. SHOCK, Defendant.**

**No. SA–86–CA–901.**

United States District Court,
W.D. Texas,
San Antonio Division.

Sept. 29, 1986.

Charles R. Hoffman, Ronald J. Baron, Hoffmann, Dilworth, Barrese, & Baron, Jericho, N.Y., Charles W. Hanor, Arthur C. Nicholson, III, Cox and Smith, Inc. San Antonio, Tex., for plaintiff.

Harry C. Jones, III, Pennie and Edmonds, New York City, Mark Miller, Gunn,

Lee, and Jackson, San Antonio, Tex., for defendant.

## ORDER OF TRANSFER

H.F. GARCIA, District Judge.

On this day came on to be considered the motion of defendant Shock to transfer this cause to the United States District Court for the Eastern District of Arkansas, pursuant to Title 28 U.S.C. Section 1404(a). The section provides that;

> "(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff opposes transfer to Arkansas, urging that the case proceed. Alternatively, should the Court consider the transfer issue, plaintiff urges a change in venue to the Eastern District of New York as more appropriate. Plaintiff commenced an action against defendant in the United States District Court for the Eastern District of New York. The action arose from a dispute between the parties respecting a license agreement under which defendant licensed plaintiff to manufacture and sell surgical cataract removal equipment developed by defendant. In the New York action, plaintiff sought a declaratory judgment of invalidity and non-infringement of defendant's patent, and further prayed that the agreement be declared null and void. The New York court transferred venue to the instant court suggesting that the forum selection clause contained in the original agreement between the parties might control as to where the litigation should proceed.

■ As a general rule, venue in an action involving a request for declaratory judgment of non-infringement and of invalidity of the patent is governed by the general venue statute. Under the general venue statute, 28 U.S.C. Section 1391(b);

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

The purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1979). Congress has restricted venue either to the residence of the defendant, to a place which may be more convenient to the litigants, or to the witnesses who are to testify in the case. Before application of the general venue statute, however, the forum selection clause of the agreement between the instant parties must be considered. In *Bremen, et al v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), the United States Supreme Court indicated that forum clauses should control absent a strong showing that it should be set aside. Courts have suggested that a forum clause, even though it is freely bargained for and contravenes no important public policy of the forum, may nevertheless be unreasonable and unenforceable if the chosen forum is seriously inconvenient for the trial of the action. *Bremen* at 16, 92 S.Ct. at 1916. According to *Bremen*, it can be assumed that parties do not consciously agree to have actions brought in an inconvenient place. Therefore, on rare occasions, it will be presumably in accord with the desire of the parties to have the trial in a substantially more convenient place than the chosen state. *Bremen* at 18, 92 S.Ct. at 1917.

Both parties have expressed a preference to have this action transferred. Defendant seeks transfer of the cause to the Eastern District of Arkansas, where he currently resides. Plaintiff, seeks in the alternative, transfer of this cause to the Eastern District of New York, where it claims the cause of action arose. Texas now has only the most tenuous connection to the cause of action, that being only the choice-of-forum clause of the agreement. Actually, Texas no longer bears a reasonable relation to the dispute. *Queen Noor, Inc. v. McGinn*, 578 F.Supp. 218, 221 (S.D.Tex. 1984).

■ In ruling upon a section 1404(a) motion, the Court must consider the avail-

ability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum. *Sinko v. St. Louis Music Supply Co.,* 603 F.Supp. 649, 652 (W.D.Tex.1984). *Stabler v. New York Times Co.,* 569 F.Supp. 1131, 1137 (S.D.Tex.1983). The last factor is most influential and should rarely be disturbed unless the balance is strongly in defendant's favor. *Sinko,* at 652.

Plaintiff is a corporation organized under the laws of the State of New York, which has been and is engaged in the manufacturing and selling of equipment and parts relating to ophthalmic surgery. Plaintiff has at all times maintained all its manufacturing facilities in the State of New York, and has received its revenues from sales and has made distribution of royalties in the State of New York. Most of the witnesses are in New York, while the only presently known witness not located in New York would be the defendant. The location of all books and records would appear to be in New York where plaintiff maintains its entire business activity, including its manufacturing and marketing headquarters. Defendant has relocated his original residence in Bexar County (within the Western District of Texas) to Arkansas. Defendant has shown no prejudice that would result from the instant cause proceeding in New York. Indeed, New York would be no less convenient a forum for defendant than would be Texas. Litigating this action in New York would not inherently be unfair or inconvenient for defendant. The balance of the private interests of the parties strongly fall infavor of the proper forum being that of the Eastern District of New York, the plaintiff's original choice of venue. When defendant changed his residence and moved to Arkansas, certainly a reasonable expectation must have followed that distant forum litigation might be a possibility. The Court finds quite strained the argument that the forum selection clause indicated an intent of the parties that venue should travel with defendant wherever he might reside.

It is accordingly ORDERED that the instant action be transferred to the Eastern District of New York.