**Donell L. HOGAN, Individually and as Personal Representative of the Estate of Garland Shane Hogan, Deceased and Colton Shane Hogan, a Minor, By and Through his Next Friend Donell L. HOGAN**

v.

**MALONE LUMBER, INC.**

**Civ. A. No. 1:91–CV–0956.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 1992.

Thomas J. Swearingen, Swearingen & Clark, Port Arthur, Tex., for plaintiff.

John W. Odam, Niewald, Waldeck & Brown, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

On September 9, 1991, Garland Shane Hogan died in an accident at Malone Lumber Incorporated's plant in Merryville, Louisiana where he worked. Hogan's wife and son sued Malone Lumber in state court in Jasper, Texas for gross negligence in causing Hogan's death. The Hogans assert causes of action under the Texas wrongful death and survival statutes, Tex.Civ.Prac. & Rem.Code Ann. §§ 71.002–71.004 (Vernon 1986). Malone removed to this court on the basis of diversity of citizenship. Now Malone moves to transfer venue to the Western District of Louisiana. In the alternative, Malone moves to dismiss for lack of jurisdiction.

## VENUE

■ Malone moves to transfer this case to the Western District of Louisiana, Lake Charles Division. Beaumont is one permissible venue for this action. *See* 28 U.S.C.A. § 1391(a) (venue proper where defendant is subject to personal jurisdiction). However, 28 U.S.C. § 1404(a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.* Transfer under § 1404(a) is discretionary. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The burden is on the moving party

to establish why there should be a change in forum. *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987).

In determining whether to grant motion to transfer an action, a district court takes into account the plaintiff's choice of forum, which state's law applies, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the location and convenience of parties and counsel, the place of the alleged wrong, the possibility of prejudice and delay if transfer is granted, the accessibility of sources of proof, and all other practical considerations relative to the trial and determination of the case. *See McRae v. Sawyer*, 660 F.Supp. 62, 65 (S.D.Miss.1986); *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986); *Greiner v. American Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D.Tex.1986).

Hogan died at the Malone Lumber plant in Merryville, Louisiana. Although he worked in Louisiana, Hogan lived in Kirbyville, Texas. Five of the six witnesses appearing in this case by deposition or affidavit live in Texas. The sixth, Hogan's widow, now lives in Oklahoma.

Trial in either Lake Charles or Beaumont would be of roughly equal convenience to the parties and witnesses. Further, neither forum seems to be more advantageous in terms of access to sources of proof, costs, location of counsel, or other practical considerations. The court reserves ruling on the choice of law issue at this time, because even if Louisiana law applies, that fact makes transfer only slightly more desirable. The location of the accident favors trial in Louisiana but is not dispositive, given the presumption in favor of a plaintiff's choice of forum. *See Enserch Int'l*, 656 F.Supp. at 1162; *McRae*, 660 F.Supp. at 65; *United Sonics*, 661 F.Supp. at 681.

Malone has not carried its burden to come forward with evidence that the balance of convenience weighs so heavily for trial in the Western District of Louisiana the interests of justice and convenience demand transfer. *See Enserch Int'l*, 656 F.Supp. at 1167 n. 15. Accordingly, the motion to transfer is denied.

## JURISDICTION

Malone also contests this court's jurisdiction. The subject matter jurisdiction of this court is properly invoked when a suit is between citizens of different states and the amount in controversy is more than $50,000. 28 U.S.C. § 1332(a). The court's personal jurisdiction is limited only by the requirements of due process. *See Jones v. Petty–Ray Geophysical GeoSource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992); *Schlobohm v. Shapiro*, 784 S.W.2d 355, 357 (Tex.1990).

Malone argues that this court lacks jurisdiction because the Texas Workers Compensation Act denies the plaintiff of a remedy. Malone argues that jurisdiction over this case depends on the extraterritorial application of the Texas Workers Compensation statute. According to Malone, Hogan was not a "Texas employee" under the Act and therefore jurisdiction is lacking. It may well be true that Texas substantive law deprives Hogan of a remedy. Any lack of remedy under Texas law does not speak to this court's jurisdiction, however.

Lack of remedy under the applicable law can be raised by an appropriate motion for summary judgment. The court notes that even if Texas law denies Hogan a remedy, summary judgment may not be proper if Louisiana law governs this dispute. The question whether Texas or Louisiana substantive law applies is as yet an unanswered question.

## CONCLUSION

The motion to transfer is DENIED because the defendant has failed to show that transfer to the Western District of Louisiana would result in significant gains in convenience. The motion to dismiss for lack of jurisdiction is DENIED because the requirements of subject matter and personal jurisdiction of this court are met. The court expressly withholds decision on the

issues of choice of law and the availability of remedies under the relevant Texas law.