### Robin DEARING

v.

### SIGMA CHEMICAL COMPANY; the Dow Chemical Company; Roy E. Morgan; Nalco Chemical Company; Nalco/Exxon Energy Chemicals, L.P.; Nalco/Exxon Energy Chemicals, Inc.; Nalco/Exxon Energy Chemicals, Inc. d/b/a N/Eec, Inc.; General Motors Corporation; Delphi interior & lighting Systems; Gmc Inland Fisher Guide; Bayer Corporation; and Mobay Chemical Corporation n/k/a Bayer Corporation.

### Civil Action No. G–97–718.

United States District Court, S.D. Texas, Galveston Division.

April 6, 1998.

---

James Walter Bradford, Jr., Angleton, TX, for Robin Dearing.

Mitchell A. Toups, Weller Green McGown & Toups, Beaumont, TX, for Sigma Chemical Co.

Michael Lamar Brem, F. Walter Conrad, Baker & Botts, Houston, TX, for Dow Chemical Co.

Michael Lamar Brem, Baker & Botts, Houston, TX, for Roy E. Morgan.

D. Dudley Oldham, Dudley Oldham, Rachel Giesber, Fullbright & Jaworski, Houston, TX, for Nalco Chemical Co., Nalco/Exx-

on Energy Chemicals, L.P., Nalco/Exxon Energy Chemicals, Inc.

D. Dudley Oldham, Dudley Oldham, Fullbright & Jaworski, Houston, TX, Nalco/Exxon Energy Chemicals, Inc. d/b/a N/EEC, Inc.

John B. Strasburger, Weil Gotshal and Manges, Houston, TX, Linda L. Pence, William C. Wagner, Johnson Smith Pence Densborn Wright Heath, Indianapolis, IN, for General Motors Corporation, Delphi Interior & Lighting Systems, GMC Inland Fisher Guide.

C. Arthur Wilson, Jr., Timothy S. Coon, Eckert Seamans Cherin & Mellott, Pittsburgh, PA, James L. Moore, Baker and Hostetler, Houston, TX, for Bayer Corp.

James L. Moore, Baker and Hostetler, Houston, TX, for Mobay Chemical Corp.

## ORDER

KENT, District Judge.

In this action, Plaintiff Robin Dearing brings claims of products liability, strict liability, negligence, and negligence *per se* related to injuries she allegedly received when exposed to chemicals while she was working for Defendant General Motors Corporation. Now before the Court are Plaintiff's Motion to Remand, filed January 21, 1998, and the Motion to Transfer of Defendants General Motors Corporation, Delphi Interior & Lighting Systems, and GMC Inland Fisher Guide (collectively, "GM"), filed January 20, 1998. For the reasons stated below, the Motion to Remand is **DENIED**, and the Motion to Transfer is **GRANTED**.

## I. PLAINTIFF'S MOTION TO REMAND

Plaintiff filed her Original Petition in this matter on October 6, 1997, in the 239th Judicial District Court of Brazoria County, Texas. GM removed the action to this Court on December 22, 1997, on the basis that several of the claims are covered under the collective bargaining agreement ("CBA") between General Motors and the United Auto Workers. GM's notice of removal argues that Dearing's state law claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), under which the Court would

have original jurisdiction under 28 U.S.C. § 1441(b).

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations." 29 U.S.C. § 185(a). The Fifth Circuit has stated that "[i]f the resolution of [the plaintiff's] claims will require 'interpretation' of the CBA, then the state-law remedies upon which [the plaintiff] relies are preempted by § 301 of the LMRA." *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir.1996) (*citing Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)).

*Reece* involved a claim for discriminatory promotion brought pursuant to the Texas Labor Code. *Id.* at 486. The employment relationship between the parties was governed by a collective bargaining agreement, which contained provisions concerning policies on promotion. *Id.* at 487. The Fifth Circuit concluded that a federal question was present, and hence jurisdiction existed, because the defendant-employer would "undoubtedly" defend by relying upon the collective bargaining agreement, the interpretation of which is governed by the LMRA. *Id.*

The *Reece* court recognized that other courts, specifically the Ninth Circuit, had taken a more lenient view of preemption of state law discrimination claims. *Id.* (citing *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir.1993)). Nevertheless, the court found that *Lingle* mandated preemption. The *Reece* court cited the Supreme Court's recognition of "the unique need for uniformity in the interpretation of labor contracts," quoting the following policy rationale from *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962)

The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had ob-

tained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract.... The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to promote industrial peace. State law which frustrates the effort of Congress to stimulate the smooth functioning of that process thus strikes at the very core of federal labor policy.

*Reece,* 79 F.3d at 487–88.

■ Therefore, under *Reece,* if Plaintiff's claims or the defenses to be raised would involve interpretations of the CBA, the Court must retain jurisdiction notwithstanding the fact that the Complaint itself does not refer to the terms of the CBA. *See also Logue v. Houston Lighting & Power Co.,* 1995 WL 928292 (S.D.Tex.1996). Dearing argues for remand on the basis that her Complaint makes no claims under the CBA, and does not even reference the CBA. She argues that the duties that Defendants allegedly breached arise under state law, not under the CBA.

■ In this action, Dearing alleges, *inter alia,* that GM: intentionally and knowingly exposed her to dangerous chemicals, dangerous equipment, and hazardous waste; failed to properly train its employees; improperly maintained the plant where Dearing worked; failed to furnish proper protective equipment at the plant; improperly and carelessly stored hazardous substances; failed to properly inspect and monitor the hazardous substances stored in its plant; failed to implement proper safety procedures and plans; failed to disclose hazardous propensities of the chemicals used; and misrepresented the nature of the chemicals to its workers.

The CBA between GM and the United Auto Workers is a comprehensive document which sets out detailed health and safety requirements and procedures. With regard to Dearing's allegations, the CBA assigned to GM, *inter alia,* the duty to: provide reasonable and necessary protective equipment; provide appropriate education and training in health and safety for all employees; and provide competent medical staff and medical facilities adequate to implement its obligation to provide medical services. The Court finds that Dearing's allegations of negligence directly relate to GM's duties under the CBA, and require an interpretation of GM's duties under that Agreement.[1] *See Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 280 (5th Cir.1994) (terms of collective bargaining agreement relevant to interpreting plaintiff's claim of intentional infliction of emotional distress). Therefore, the Court has subject matter jurisdiction over this action.

In support of her argument that section 301 does not preempt her claims in this case, Dearing cites *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). *Caterpillar,* however, is distinguishable on its facts. That case involved employees who sued their employer for breach of *individual* employment contracts. Because the claims were not covered by, and did not involve interpretation of, the collective bargaining agreement, the Supreme Court held that remand was proper. *Id.,* 482 U.S. at 394, 107 S.Ct. at 2430. The Court subsequently addressed this holding in *Lingle,* stating that in *Caterpillar* "we held that a state-law complaint brought in state court for breach of individual employment contracts was not 'completely pre-empted' by § 301, because § 301 '*says nothing about the content or validity of individual employment contracts.*'" *Lingle,* 486 U.S. at 406 n. 5, 108 S.Ct. at 1881 n. 5 (emphasis added). The Court went on to state that *Caterpillar* was

---

1. GM argues that this outcome is supported by *Richter v. Merchants Fast Motor Lines,* 83 F.3d 96 (5th Cir.1996), where the court found that the plaintiff's negligence and gross negligence claims were preempted by a collective bargaining agreement that provided the exclusive remedy for resolving disputes involving negligence. In *Richter,* however, the court dismissed the plaintiff's claims for failure to exhaust the grievance procedures. GM blithely states that Dearing's claims should be dismissed for the same reason, but does not move for relief on this basis. The Court has no formal motions or briefed arguments before it on dismissal; therefore, insofar as GM moves for dismissal at this time, the Motion is **DENIED.**

consistent with its section 301 preemption jurisprudence, because in that case "plaintiffs' claim did not turn on any collective-bargaining agreement interpretation." *Id.*

In this case, although Dearing attempts to compare her claims with those in *Caterpillar* because she also has not pled any CBA claims, the factual landscape is completely distinguishable. In *Caterpillar*, the Court found that the collective bargaining agreement was not applicable because the claims were based on *individual employment contracts*. In this case there are no individual employment contracts to separate Plaintiff's claims from the provisions of the CBA. Therefore, the CBA's provisions which relate to her claims are directly at issue. Resolution of Dearing's claims will require an interpretation of those provisions. The Court accordingly must conclude that jurisdiction exists over this claim under 28 U.S.C. 1331. All Plaintiff's remaining claims, which stem from a common nucleus of operative fact, are also within the subject-matter jurisdiction of this Court under 28 U.S.C. § 1367(a). Accordingly, Plaintiff's Motion to Remand is **DENIED.**

## II. GM'S MOTION TO TRANSFER

■ Next, GM moves for a transfer of venue to the Southern District of Indiana. Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice," a case may be transferred to any other district or division where it originally could have been brought. When considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *see, e.g., Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United*

*Sonics, Inc. v. Shock,* 661 F.Supp. 681, 682–83 (W.D.Tex.1986).

■ The party seeking the transfer of venue bears the burden of demonstrating that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied,* 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989) (whether to transfer a case is a decision resting within the sound discretion of the District Court); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) (movant bears the burden of demonstrating that the action should be transferred).

■ In this case, Plaintiff alleges that she was injured by chemical exposure while working at GM's plant in Anderson, Indiana. The alleged defective equipment and hazardous waste are located in Indiana. Plaintiff's allegations of inadequate safety training, improper maintenance, improper and careless storage of chemicals, and chemical spillage occurred in Indiana as well. Furthermore, Plaintiff was treated by at least twenty doctors, all of whom are located in Indiana. Plaintiff herself is a citizen and resident of Indiana. Most of the Defendants are Delaware corporations, with the exception of Bayer Corporation and Mobay Chemical Corporation, which are both Indiana corporations.[2] Employment records, medical records, personnel training records, Material Safety Data Sheets, GM's Hazard Communication Program, GM's Emergency Response Plan, and all other similar documents are located at GM's plant in Indiana.

In Response to GM's Motion to Transfer, Plaintiff argues that two factors justify venue in this Court. First, the Reaction Injection Molding ("RIM") process which allegedly caused Plaintiff's injuries was designed by Dow Chemical Company, located in Freeport, Texas and therefore subject to personal jurisdiction in this Court. Plaintiff argues that significant documentation, evidence, and witnesses regarding the design of the RIM process are located in the Southern District of Texas. Second, Plaintiff argues that some of the chemicals involved in the RIM process,

---

**2.** The sole individual Defendant, Roy E. Morgan, is a citizen and resident of Brazoria County, Texas. However, the Court dismissed him from this case with prejudice on March 17, 1998.

or in cleaning the equipment used in the RIM process, were manufactured in Texas.

The Court finds Plaintiff's proffered venue justifications insufficient to overcome the preponderance of factors that favor transferring this action to the Southern District of Indiana. The place of the alleged wrong was Indiana. The availability and convenience of witnesses also favors an Indiana venue. Although Plaintiff relies heavily on the fact that the RIM process was designed in Texas, the actual injuries she alleges all occurred in Indiana. The design of the RIM process appears to be a peripheral issue at best.[3] The key witnesses in this case will be Plaintiff's supervisors and coworkers at the GM plant in Indiana, the approximately twenty physicians who treated Plaintiff for her alleged injuries, and Plaintiff herself, all of whom reside in Indiana. While the Court has recognized that greater deference should be given to non-party witnesses, *see Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D.Tex.1992), Plaintiff has pointed to few, if any, key witnesses who reside anywhere in Texas.

■ The location of books and records also favors transfer. As previously stated, all of the key medical and personnel records are located in Indiana. The only records that exist in this District are those connected to the RIM process, again a peripheral issue. Next, Plaintiff argues that all parties have retained local counsel here. That fact is not surprising, considering the case was filed in Texas, nor does it weigh heavily in the Court's analysis.

■ Finally, the Court generally will defer to the plaintiff's choice of forum where factually justified. *See United Sonics*, 661 F.Supp. at 683 (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). However, the plaintiff's choice of forum will be given close scrutiny where, as here, the plaintiff does not live within the Division of the Court.

Therefore, after careful consideration of the relevant factors and the specific facts of this case, the Court concludes that GM has carried its burden of demonstrating that a transfer would best serve the interests of justice and judicial efficiency, and would not delay the prompt resolution of Plaintiff's case. Accordingly, GM's Motion to Transfer is **GRANTED.**

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED,** and GM's Motion to Transfer is **GRANTED.** It is hereby **ORDERED** that this case is transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division. The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. It is also **ORDERED** that the parties file no further pleadings regarding the issues addressed in this Order, including Motions to Reconsider and the like, unless supported by *compelling* new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

**3.** The RIM process is not even mentioned in the Second Amended Complaint.