Kirk W. HOLLIS

v.

BO–MAC CONTRACTORS, INC.

No. CIV.A. G–98–530.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 10, 1999.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Kirk W Hollis, plaintiff.

John C. Elliott, Fitzhugh & Thompson, Houston, TX, for BO–MAC Contractors, Inc., defendant.

### ORDER DENYING MOTION TO TRANSFER

KENT, District Judge.

Plaintiff Kirk Hollis brings this action for personal injuries against Defendant Bo–Mac Contractors, Inc. Now before the Court is Defendant's Motion to Transfer Venue to the Beaumont Division of the Eastern District of Texas. For the reasons stated below, the Motion to Transfer is **DENIED.**

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice," a case may be transferred to any other district or division where it originally could have been

brought. When considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993); *see, e.g., Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986). A plaintiff's choice of forum is generally entitled to great deference. *See United Sonics*, 661 F.Supp. at 683 (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor").

■ The party seeking the transfer of venue bears the burden of demonstrating to the Court that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989) (whether to transfer a case is a decision resting within the sound discretion of the District Court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (movant bears the burden of demonstrating that the action should be transferred).

■ Defendant maintains that this case should be transferred to the Beaumont Division because: (1) both Plaintiff and Defendant reside in the Eastern District of Texas; (2) the alleged accident occurred in the Eastern District of Texas; and (3) several fact witnesses and a chiropractor who treated Plaintiff reside in and around Beaumont. Plaintiff argues in Response that: (1) Defendant has failed to properly identify key witnesses and the substance of their testimony; (2) key witnesses identified by Plaintiff are located in the Southern District of Texas; (3) counsel for both parties office in the Southern District; (4) relevant records are located in the Southern District; (5) delay in resolution of the case will likely result from a transfer to the Beaumont division; and (6)

Defendant has not made the requisite showing of inconvenience and unfairness necessary to overcome the deference traditionally accorded a plaintiff's choice of forum.

■ The Court has stated that the convenience of key witnesses is the most important factor in a motion to transfer venue. *See Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1396 (S.D.Tex.1992). In the instant case, Galveston is clearly a more convenient venue than Beaumont for several of Plaintiff's witnesses including an orthopedic surgeon, a vocational rehabilitation counselor, and an economic expert, who are all located in Houston. The convenience of key witnesses who are employees of Defendant is "entitled to less weight because that party will be able to compel their testimony at trial." *Id.* at 1397; *Dupre*, 810 F.Supp. at 825. The majority of Defendant's witnesses—Plaintiff's unnamed co-workers— fall within this category. Additionally, the Court "vigorously exercises its authority under Fed.R.Evid. 611(a) to ensure that each witness' testimony is as concise as possible and that cumulative and redundant testimony is kept to a minimum[,]" thereby keeping the time that the witnesses are absent from their jobs to an "absolute minimum." *Continental Airlines*, 805 F.Supp. at 1397; *Dupre*, 810 F.Supp. at 827. Furthermore, the Galveston Division courthouse is located not more than one hundred miles from the Beaumont Division courthouse, thus "it is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States." *Continental Airlines*, 805 F.Supp. at 1397. Accordingly, this factor does not weigh heavily in favor of transfer.

The Court has previously noted that "documents can be produced and examined anywhere for discovery purposes. Moreover, under Local Rule 11, the admissibility of exhibits may be determined prior to trial. Thus, the Court can ensure that Defendants need transport from [Beaumont] to Galveston only those relevant, noncumulative documents necessary for trial." *Continental Airlines*, 805 F.Supp. at 1397–98; *Dupre*, 810 F.Supp. at 827. Although this factor is accorded little weight in light of the ease of

transport of documents, Plaintiff points out that this factor does favor Galveston over Beaumont in that a significant number of the relevant records are located in the office of the compensation adjuster of Liberty Mutual Insurance Company in Houston. Also, counsel for both parties are licensed to practice in the Galveston Division and have offices in the Southern District of Texas, thus Defendant's Counsel cannot persuasively claim that they will be inconvenienced by practicing before this Court.

■ "The possibility of delay or prejudice if the case is transferred will always play a large role in this Court's analysis." *Dupre*, 810 F.Supp. at 828. Plaintiff validly asserts that a transfer of venue to the Beaumont division would result in the Plaintiffs losing the benefit of this Court's expeditious and cost-efficient manner of handling cases, including this Court's shorter trial track, which is well below the average of other courts in the area. *See United Sonics*, 661 F.Supp. at 683; *Dupre*, 810 F.Supp. at 828 (a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice").

Defendant's final argument for transfer is that the site of the accident—a portion of the Sabine River within the Beaumont Division—favors the Beaumont venue. The Court disagrees, however, with Defendant's conclusion that the citizens of Beaumont have a greater interest in this litigation than the citizens of Galveston. The Court respectfully notes that the Battle of Sabine Pass in early 1864, pursuant to which General Nathaniel Banks's federal expeditionary force was repulsed in its efforts to occupy eastern Texas during the American Civil War, is exclusively commemorated by a statue honoring the dashing young Confederate commander, Lt. Dick Dowling. That statue is located at the southeastern edge of Hermann Park in Houston, Texas. Lt. Dowling then fought under the Department of Texas Commander, Maj. Gen. John Bankhead McGruder, who, following the Confederate capture of Galveston on January 1, 1863, established his headquarters not six hundred yards from this Courthouse in a building still standing today and is presently buried in the Old City Cemetery, less than

fifteen blocks away. The Sabine River, though no longer a frontier to invasion, is no less dear today to the hearts of Galvestonians than it was then and this case, alleging an injury on that historic waterway, will remain here.

Consequently, as no evidence has been presented in this case to persuade the Court to alter its traditional reluctance to transfer venue in the absence of inconvenience to witnesses, and as Plaintiff chose to bring his suit in the Galveston Division, the Court concludes that the added convenience occasioned by a trial in the Beaumont Division would be slight. Thus, the Court declines to disturb the forum chosen by Plaintiff and introduce the likelihood of delay inherent in any transfer simply to avoid the insignificant inconvenience that the Defendant may suffer by litigating this matter in Galveston rather than Beaumont.

Therefore, after careful consideration of the relevant factors and the specific facts of this case, the Court concludes that the Defendant has failed to carry its burden of demonstrating that a transfer is necessary to serve the interests of justice. Accordingly, the Defendant's Motion to Transfer is **DENIED**.

**IT IS SO ORDERED.**