Juan FELICIANO, Plaintiff,

v.

TEXACO, INC. and Gaudet Boat
Rentals, Inc., Defendants.

Civil Action No. G–00–714.

United States District Court,
S.D. Texas,
Galveston Division.

June 8, 2001.

Edward J. Patterson, Jr., Royston Ray-
zor et al., Galveston, TX, for Ed Patterson.

Richard Lee Melancon, Michael W Hogue, Melancon and Hogue, Friendswood, TX, for Juan Feliciano.

Daniel L. Daboval, Charles T. Miers, Abbott Simses Etal, Houston, TX, for Texaco Inc.

Ken Edward Kendrick, Kelly Sutter Mount and Kendrick, Houston, TX, for Gaudet Boat Rentals.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

KENT, District Judge.

Plaintiff brings this action against Defendants for personal injuries arising out of a July 24, 2000 accident, while aboard the M/V MR. CHIP, in the inland waters of the State of Louisiana. Now before the Court is Defendant Gaudet Boat Rentals Inc.'s Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion to Transfer is **GRANTED**.[1]

 Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice," a case may be transferred to any other district or division where it originally could have been brought. When considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993); *see also Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.

1992); *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986).

 In conducting its analysis, the Court is mindful that a plaintiff's choice of forum is generally entitled to great deference. *See United Sonics*, 661 F.Supp. at 683 (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Thus, the party seeking the transfer of venue bears the burden of demonstrating to the Court that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (whether to transfer a case is a decision resting within the sound discretion of the District Court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (movant bears the burden of demonstrating that the action should be transferred).

Defendant maintains that this case should be transferred to Louisiana principally because: (1) the accident occurred in Louisiana, initial medical treatment was provided in Louisiana, and the eyewitnesses reside in, or work out of, Louisiana and are thus subject to subpoena there; (2) while one of the Defendant corporations, Texaco, Inc., has enormous operations in this District, the movant Defendant is a small family-owned business located in, and operating exclusively within or offshore of, Louisiana; and (3) Plaintiff is a Louisiana resident.

 As the moving Defendant correctly observes, the convenience of key witnesses is the most important factor in a motion to transfer venue. *See Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1396 (S.D.Tex.1992). Here, two persons seem likely to be the

---

1. Defendant Texaco, Inc. has not moved for transfer, but as the accident occurred in Louisiana and as Texaco, Inc. maintains a huge presence in that state, it can hardly argue harm in transfer.

most crucial liability witnesses at an anticipated trial—the MR. CHIP's Captain Karnell Duncan and a crew member Adam James. Both of these witnesses reside outside the subpoena power of this Court. And most crucially, Adam James, the only eyewitness to Plaintiff's accident, is no longer employed by Defendant and cannot be compelled to testify in this forum.

Moreover, Defendant Gaudet Boat Rentals Inc. is a small family run operation without the national and international operations seen with so many of the maritime Defendants that appear before this Court. Thus, trial in this forum would indeed work a substantial hardship on such a Defendant with truly limited means.

Defendant's Motion demonstrates that Louisiana is clearly the most convenient forum for the witnesses and parties to this action, and the Galveston Division has little connection to this case. All of the facts giving rise to this action occurred in Louisiana. The vessel upon which the accident occurred worked solely within Louisiana. And all known fact witnesses live and work in Louisiana. Therefore, after careful consideration of the relevant factors and the specific facts of this case, the Court concludes that Defendant has carried its burden of demonstrating that a transfer is necessary for the convenience of the parties and in the interest of justice. Accordingly, Defendant's Motion to Transfer Venue to the Eastern District of Louisiana is **GRANTED** and this action is hereby **TRANSFERRED.**

**IT IS SO ORDERED.**