Douglas SAYS Plaintiff,

v.

M/V DAVID C DEVALL, Its Engine Tackle, and Towed Barge, Etc., in Rem, and Its Owner and Operator, Devall Towing & Boat Service of Hackberry, Inc. Defendants.

No. CIV. A. G–01–370.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 17, 2001.

Michael P. Doyle, Cook Doyle et al, Houston, TX, for Plaintiff.

Frank Edward Billings, Billings & Solomon, Houston, TX, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

KENT, District Judge.

Plaintiff filed this suit for personal injury and for wrongful discharge under the Jones Act and the general maritime law. Defendant Devall Towing & Boat Service of Hackberry, Inc. ("Devall") has now filed a Motion to Transfer Venue. For the reasons set forth below, Devall's Motion to Transfer is **DENIED.**

## I. DISCUSSION

Defendant urges, in its Motion to Transfer, that the Court should transfer venue to the Houston Division of the Southern District of Texas. Defendant offers two principal arguments in favor of transfer. First, Defendant seemingly contends that venue is improper in the Galveston Division, but proper in the Houston Division. Second, Defendant argues that the Court should effect a convenience transfer under 28 U.S.C. § 1404(a).

### A. *Propriety of Venue?*

Defendant's Motion, citing 46 U.S.C. § 782, states that:

"Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States." The vessel was not found within the Galveston Division. It was served by serving the Secretary of State, although defendant has a registered agent for service [in Houston]; also not within this Division. Service of Process is, therefore, improper.

The Court is unclear what argument Defendant is making or what relief is sought. For starters, the statute cited by Defendant establishes venue only for suits by a plaintiff versus a public vessel of the United States. *See* 46 U.S.C. § 781–82. As best the Court is able to comprehend, this is not such a lawsuit.

■ The quoted paragraph appears under the heading, "Motion to Transfer." Thus, Plaintiff has treated the paragraph as an attempt to argue that venue is improper in the Galveston Division.[1] If Defendant does intend to argue that venue is improper in the Galveston Division of the Southern District of Texas, the argument is unequivocally wrong. *Cf., e.g., Lowery v. University of Houston—Clear Lake,* 50 F.Supp.2d 648, 649 (S.D.Tex.1999) (discussing venue under 28 U.S.C. § 1391). Defendant's cited venue statute (which applies to suits against a public vessel), like the general venue statute, 28 U.S.C. § 1391, speaks in terms of *districts not divisions. See* 46 U.S.C. § 782. Thus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division—as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo. Defendant admits that the vessel can be found in the Southern District of Texas, and thus, if the cited statute applies, venue is proper in the Galveston Division of the Southern District. Whether the case might be more conveniently prosecuted in one *division* versus another is a question left to analysis under 28 U.S.C. § 1404(a).

### B. *Convenience Transfer*

■ Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice," a case may be transferred to any other district or division where it originally could have been brought. When considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if

---

1. Alternatively, Defendant may be arguing that because Plaintiff did not serve the vessel, but instead served an individual, service of process on the vessel is improper. If this is Defendant's point, it is prematurely made, because Plaintiff has not attempted to serve the vessel. The Plaintiff may elect to proceed solely against Devall Towing & Boat Service of Hackberry, Inc., which has been served and is making this Motion.

transfer is granted; and the plaintiff's choice of forum. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993); *see also Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex. 1992); *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986).

■ In conducting its analysis, the Court is mindful that a plaintiff's choice of forum is generally entitled to great deference. *See United Sonics*, 661 F.Supp. at 683 (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Thus, the party seeking the transfer of venue bears the burden of demonstrating to the Court that, in its sound discretion, the Court should transfer the action. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (whether to transfer a case is a decision resting within the sound discretion of the District Court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (movant bears the burden of demonstrating that the action should be transferred).

■ Defendant maintains that this case should be transferred to Houston principally because: (1) both Plaintiff and Defendant are Louisiana residents; (2) the accident occurred in Louisiana, and initial medical treatment was provided in Louisiana, (3) all members of the DAVID C. DEVALL's crew reside in Louisiana, (4) the attorneys for both Plaintiff and Defendant work in Houston, and (5) the incident leading to Plaintiff's termination occurred in Deer Park, Texas, which is within the Houston Division.

Plaintiff responds that the DAVID C. DEVALL almost exclusively plies the In-

tracoastal Waterway within the Southern District of Texas and that Plaintiff worked aboard the vessel primarily within the Southern District.[2]

A quick review of the facts alleged by Defendant satisfies the Court that a transfer to Houston is not warranted. The crucial components of Defendant's argument are predicated on Louisiana contacts, which Defendant contends support transfer to Houston. The Court fails to see how this makes sense. As a practical matter, witnesses or parties traveling from anyplace in Louisiana to Houston or Galveston will find neither any more or less convenient. Thus, the various Louisiana items cited by Defendant do not favor transfer to Houston.

Defendant cites only two other reasons allegedly supporting a transfer to Houston. First, Defendant points out that counsel for both Plaintiff and Defendant are located in Houston. As the Court has often stated, however, this factor is of little importance, and becomes particularly minimal when the would-be transferee court sits in such close proximity to this Court. Moreover, Plaintiff's counsel chose to pursue this action in Galveston rather than in Houston, despite any possible inconvenience. This factor, while of little force, does not favor transfer.

Defendant also alludes to an incident occurring near Deer Park, Texas where Plaintiff allegedly fell asleep while on duty, an event which is said to have led to his termination. Defendant argues that "all of the witnesses to the alleged termination are from the United States Coast Guard Houston office." Apparently, the Coast

---

**2.** Defendant pleads in its Answer that the vessel regularly trades between Victoria, Texas and Deer Park, Texas, a route wholly within the Southern District of Texas. In fact, the DAVID C. DEVALL's course would traverse

primarily the Galveston Division of the Southern District of Texas-with the Intracoastal Waterway passing through all four of the counties comprising this Division.

Guard cited Plaintiff for this misfeasance. However, Defendant makes no showing that any potential Coast Guard witnesses would be inconvenienced by testifying in this forum. Indeed, Defendant provides no information on where these alleged witnesses live or work. This factor, without further factual support, does not favor transfer.

## II. CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer is **DENIED**. Defendant's first argument for transfer, the impropriety of venue in the Galveston Division is wholly incorrect. Furthermore, Defendant's contention that convenience and justice would be served by a transfer to Houston also fails. The facts of this case in no way suggest that Houston would be a more convenient forum than Galveston.

**IT IS SO ORDERED.**