**CHOICE EQUIPMENT SALES, INC. and Oceanic Marine & Industrial Services, Inc.**

v.

**CAPTAIN LEE TOWING, L.L.C. and Conway Marine, Inc.**

No. Civ.A. G–98–569.

United States District Court, S.D. Texas, Galveston Division.

March 30, 1999.

Ronald L. White, Brown Sims Wise & White, Houston, TX, for Ron White, mediator.

Francis I. Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Choice Equipment Sales, Inc., Oceanic Marine and Industrial Services, Inc., plaintiffs.

Laura Gail Steele, Angleton, TX, Robert Joseph Killeen, Jr., Killeen and Fierro, Houston, TX, for Fuad Name Govea, Luis Angel Santos Fernandez, intervenor–plaintiffs.

Elton Anthony Foster, Buckley & Hayes, New Orleans, LA, for Conway Marine Inc., Capt. Lee Towing, LLC, Conway Marine, Inc., defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO TRANSFER VENUE

KENT, District Judge.

Plaintiffs, owners of two barges damaged while being towed from New Orleans, Louisiana to Venezuela, filed suit to recover damages for the loss. This Court has subject matter jurisdiction over the action under 28 U.S.C. § 1332. Now before the Court is the Motion of Defendant Captain Lee Towing ("Captain Lee") to Dismiss for Lack of Personal Jurisdiction or Transfer Venue. For the reasons set forth below, Defendant's Motion is **DENIED**.

### I. FACTUAL SUMMARY

Defendant Captain Lee is a limited liability company based in Louisiana. The owner of Captain Lee, Mr. Lee Babin, purchased the M/V CAPTAIN LEE from a Houston broker. The CAPTAIN LEE is the only vessel owned by Defendant.

At some point after purchasing the CAPTAIN LEE, Defendant entered its first Texas contract, an agreement to tow the M/V MIRABELLE from Houston to Brownsville, Texas for a Brownsville company. After the completion of that voyage, Defendant engaged a Baytown, Texas company to act as its agent in order to collect outstanding towage. At this time, Defendant also procured P & I insurance from a Texas insurer.

In January 1998, Defendant entered into negotiations with the owner of Plaintiff Oceanic Marine & Industrial Services, Inc. to tow the barges BOBBY and CHUBBY from New Orleans to Venezuela. The negotiations involved Defendant's traveling to Houston on at least one occasion. During that time, the CAPTAIN LEE was undergoing repairs at a Houston shipyard, where Defendant met with Plaintiff to view the vessel. At that time, Plaintiff put a $10,000 down payment on a towage contract. Ultimately, the two parties entered an agreement by which Defendant would tow the BOBBY and CHUBBY to Venezuela. The contract included a forum selection clause, which stated that venue would be proper only in New Orleans, Louisiana.

The CAPTAIN LEE set out for Venezuela, the two barges in tow, on March 27, 1998. On April 4, the vessel lost its engines and began to drift in heavy seas. The barges sustained severe damage and were ultimately towed by a salvage tug to Cuba, where they remained at the filing of this lawsuit.

### II. PERSONAL JURISDICTION

■ Defendant argues that it is not subject to the personal jurisdiction of this Court. In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to

service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. Tex.Civ.Prac. & Rem. Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

▮▮▮▮ Whether the exercise of personal jurisdiction over Defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that Defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston,* 9 F.3d at 418. The "minimum contacts" aspect of due process can be satisfied by conducting an analysis of either specific jurisdiction or general jurisdiction. *Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *Ruston Gas Turbines,* 9 F.3d at 418–19; *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993). The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil . . ."). The single act of placing a product into the stream of commerce with the knowledge that it will be used in the forum state is sufficient to satisfy the specific jurisdiction minimum contacts standard. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Ruston Gas Turbines,* 9 F.3d at 419–20.[1] Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substan-

---

1. In *Ruston Gas Turbines,* the Court explained that the United States Court of Appeals for the Fifth Circuit has continued to employ the *World–Wide Volkswagen* "stream-of-commerce" test despite subsequent Supreme Court pronouncements on that issue in *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 111, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987). In *Asahi,* a four-justice plurality authored by Justice O'Connor argued for a requirement of "additional conduct" by the defendant to support an assertion of personal jurisdiction under the stream of commerce approach. 480 U.S. at 110, 107 S.Ct. at 1031. Noting that the plurality gave no clear guidance on the proper use of the "stream-of-commerce" test, the Fifth Circuit has consistently continued to apply that test as articulated in *World–Wide Volkswagen. See Ruston Gas Turbines,* 9 F.3d at 419–20 (citing *Ham v. La Cienega Music Co.,* 4 F.3d 413, 416 and n. 11 (5th Cir.1993); *Irving v. Owens–Corning Fiberglas Corp.,* 864 F.2d 383, 386 (5th Cir. 1989); *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375 (5th Cir.1987)).

tial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Villar,* 990 F.2d at 1496.

At the outset, the Court notes that although the burden is on Plaintiff, it need only make a prima facie showing of jurisdiction, and its allegations in that regard are to be taken as true unless controverted; moreover, any conflicts are to be resolved in its favor. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990). In this case, Plaintiff's claims against Defendant stem from Defendant's contacts with this forum, that is, the contractual relationship into which the two parties entered. Accordingly, the Court will perform a specific jurisdiction analysis.

■ Defendant Captain Lee is a Louisiana business with no physical presence in Texas. However, it is well settled that a nonresident defendant may be subject to this state's specific jurisdiction through a single contact with the state, *see Schutze v. Springmeyer,* 989 F.Supp. 833, 836 (S.D.Tex.1998), or even having never setting foot upon its soil, *see Bullion,* 895 F.2d at 216. In this case, Defendant came to Texas at least twice in negotiating its contract with Plaintiff and readying the barge for its voyage. During one of those meetings, at the Houston shipyard where Defendant was having the CAPTAIN LEE repaired, Plaintiff gave Defendant $10,000 as a down payment for the towage contract at issue. These contacts are sufficient to support the exercise of this Court's specific jurisdiction. *See Polythane Systems, Inc. v. Marina Ventures International, Ltd.,* 993 F.2d 1201, 1205 (5th Cir.1993) (noting that receipt of payments in Texas supported specific jurisdiction over defendants in a contract claim).

■ Having addressed the question of Defendant's contacts with the forum state, the Court must determine whether requiring Defendant to defend this suit in Texas would satisfy "traditional notions of fair play and substantial justice." *International*

*al Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. In determining this fundamental fairness issue, the Court must examine five factors: the defendant's burden; the forum state's interests; the plaintiff's interest in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies. *Ruston Gas Turbines,* 9 F.3d at 421.

■ As an initial matter, the Court notes that Defendant has offered no arguments that this Court's exercise of jurisdiction over it would offend traditional notions of fair play and substantial justice. The burden of showing that personal jurisdiction would be unreasonable lies squarely on Defendant. *See Jones,* 954 F.2d at 1068. In fact, it does not appear that such an exercise of jurisdiction would be unreasonable. Defendant is based in Louisiana. Given its ability and apparent willingness to travel to Texas to explore business opportunities and perform contracts, subjecting it to suit in this state would not appear to be unduly burdensome. Similarly, this state has a legitimate interest in seeing the resolution of a contractual dispute concerning a contract entered into here, as well as in ensuring that vessels operate safely in its waters. Finally, the interest of both Plaintiff and the interstate judicial system in the efficient resolution of this controversy would be advanced by litigation in this forum. Bench trial in this action is scheduled for February 7, 2000; dismissal of this case would certainly result in considerable delay. Given these factors, the Court concludes that exercising jurisdiction over Defendant is consistent with traditional notions of fair play and substantial justice. Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is hereby **DENIED.**

### III. TRANSFER OF VENUE

■ In the alternative, Defendant seeks a transfer to the Eastern District of Louisiana based on 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the conve-

nience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants bear the burden of demonstrating to the Court that it should, in its sound discretion, decide to transfer the action. *See Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (holding that the decision to transfer rests within the sound discretion of the district court); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred).

■■■ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines v. American Airlines,* 805 F.Supp. 1392, 1395–96 (S.D.Tex. 1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)). Where a forum selection clause purports to govern choice of venue, the Court must address the convenience of the chosen forum given both parties' expressed preference for that venue.[2] *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–30, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). Moreover, the Court may also consider the relative bargaining power of the parties in assessing the effect of a forum selection clause on the resolution of a § 1404(a) motion. *Id.* at 29, 108 S.Ct. at 2244. Where, as here, transfer is sought to a venue presided over by remarkably competent and experienced jurists, the Court makes such analysis with exceeding care.

■■■ The forum selection clause signed by Plaintiff provides that "[a]ny dispute or difference which may arise out of or in connection with this Agreement or the services to be performed hereunder shall be referred to NEW ORLEANS, LA." (emphasis in original). While the selection clause provides some indication that the convenience of the parties would presumably be better served by transfer to the Eastern District of Louisiana, its existence by no means ends the analysis. Such a clause is at best only one factor in the decision. *See Stewart,* 487 U.S. at 29–30, 108 S.Ct. at 2244; *Amplicon,* 77 F.3d at 115. Defendant bears the burden of showing that, on balance, the remaining factors favor transfer. *See Time,* 366 F.2d at 698. In this case, however, Defendant appears to rely exclusively on the forum selection clause in arguing for transfer. In fact, the other factors tend to be neutral or to support retention of this action. The crew of the M/V CAPTAIN LEE are not residents of Texas or Louisiana; most of them are residents of Florida or Honduras. To the extent that they are likely witnesses, Texas is no less convenient for them than Louisiana. Similarly, neither location presents significantly more costs for either party. In addition, the location of books and records does not appear to be an issue in this case, as the vessel records have already been provided by Defendant. The remainder of the factors offer some support for Plaintiff's argument that the Court should retain jurisdiction. While location of counsel is not of paramount

**2.** The Fifth Circuit has stated that attempts in diversity cases to enforce forum selection clauses through § 1404(a) motions to transfer venue are analyzed under the *Stewart* approach rather than the approach articulated by the Supreme Court in *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), with respect to motions to dismiss. *See International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996).

importance, *see Dupre,* 810 F.Supp. at 826, the fact that Plaintiff is represented by local counsel favors retention. Similarly, much of the conduct complained of by Plaintiff occurred in or near Houston, where the parties negotiated and ultimately executed their contract. Thus, the location of the wrong favors retention. Finally, the possibility of delay or prejudice if this case is transferred and Plaintiff's choice of forum each favors retention. Trial is set for February 2000; Defendant has offered no indication of what effect transfer would have upon the disposition of the case. Accordingly, Defendant has not met the burden of demonstrating that this action should be transferred. Defendant's Motion to Transfer is hereby **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Transfer Venue are **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. **IT IS SO ORDERED.**