DIAMOND OFFSHORE CO., et al.,

v.

A & B BUILDERS, INC.

No. Civ.A. G–99–417.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 16, 1999.

Kenneth Ross Citti, Houston, TX, for Plaintiffs.

Richard C. Rutledge, III, Wetzel Henri and Drucker, Houston, TX, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, PRESENTING DEFENSES OF FAILURE TO STATE A CLAIM, LACK OF PERSONAL JURISDICTION, AND IMPROPER VENUE**

KENT, District Judge.

This is a declaratory judgment action brought by Diamond Offshore Company and various Diamond entities (collectively "Diamond"). Diamond seeks to have the Court determine the validity of a reciprocal indemnity provision in a contract between Diamond and A & B Builders, Inc. ("A & B"). Now before the Court is A & B's perfunctory Motion to Dismiss, Presenting Defenses of Failure to State a Claim, Lack of Personal Jurisdiction, and Improper Venue. This thoroughly unhelpful page and a half motion was filed by Defendant on August 16, 1999. For the reasons set forth below, this motion is **DENIED** in its entirety.

*Analysis*

Pursuant to Fed.R.Civ.P. 12(b), Defendant A & B moves the Court to dismiss this declaratory judgment action. A & B bases its motion on three grounds: 1) failure to state a claim pursuant to Fed R.Civ.P. 12(b)(6); 2) lack of personal jurisdiction; and 3) improper venue. The Court will address each claim in turn.

*1. Failure to State a Claim*

Defendant's motion to dismiss based on failure to state a claim consists of the following twenty words: "To dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted." In addition to this twenty word phrase, Defendant cryptically requests the Court to take judicial notice of the contents of Plaintiff's Complaint and attached exhibits.

■ Concision is a quality greatly admired by this Court, but to earn judicial plaudits an advocate must first master the crucial distinction between brevity and inscrutability. It appears to the Court that Diamond has stated a garden variety claim for declaratory relief. Because Defendant has utterly failed to point out any defect in Diamond's pleadings, and has cited no authority which even remotely suggests that Diamond has failed to state a claim, A & B's Motion to Dismiss for Failure to State a Claim is emphatically **DENIED.**

*2. Lack of Personal Jurisdiction*

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction consists, in its entirety, of the following twelve word phrase: "To dismiss the action on the basis of lack of personal jurisdiction." This phrase is coupled with the previously mentioned cryptic request that the Court take judicial notice of Plaintiff's Complaint.

■ It is true that the burden is on the Plaintiffs to establish the existence of jurisdiction over A & B, but Plaintiffs "need only make a *prima facie* showing of jurisdiction, so that the allegations of the complaint are taken as true except as controverted by the defendant's affidavits and conflicts in the affidavits are resolved in plaintiff's favor." *Traveler's Indem. Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826, 831 (5th Cir.1986); *see also Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990); *Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.,* 43 F.Supp.2d 749, 753 (S.D.Tex.1999) (Kent, J.).

■ The record reflects that James D. Gibson, who is both the registered agent and president of A & B, accepted service of process and a copy of Plaintiffs' Complaint on July 26, 1999. It its Answer, A & B has admitted that it is a Texas corporation with its principal place of business in Beaumont, and has also admitted that it maintains a registered agent for service of process within the state.

Plaintiffs allege that A & B has actively transacted business in the state of Texas, has continually marketed and sold its services to customers within Texas, has numerous employees who live and work in Texas, and has advertised its services within Texas. Moreover, Plaintiffs' claims

against A & B arise out of business conducted within Texas, based on a contract entered into between the parties within Texas. This contract was allegedly breached by actions or omissions within the state of Texas. Defendant A & B either admits these allegations in its Answer, or fails to controvert them in any way. Consequently, the Court takes these allegations as true for purposes of analyzing the existence of personal jurisdiction. *See Travelers Indem.*, 798 F.2d at 831; *Asarco, Inc.*, 912 F.2d at 785; *Choice Equip.*, 43 F.Supp.2d at 753.

On the basis of these allegations, it is abundantly clear that the Court may properly exercise personal jurisdiction over Defendant A & B, a resident of Texas. Even if A & B were not a resident of Texas, the Court could properly exercise specific jurisdiction over A & B, because the events giving rise to the alleged breach of contract "arose out" of actions which occurred within Texas. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Moreover, even if the events giving rise to this suit did not transpire within Texas, A & B has the sort of "continuous and systematic" contacts with the state of Texas which would support general jurisdiction over even a nonresident corporation. *See Helicopteros*, 466 U.S. at 415, 104 S.Ct. at 1872. The existence of personal jurisdiction is so clear that A & B subsequently conceded this issue in the Joint Discovery and Case Management Plan filed October 22, 1999. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED.**

### 3. Improper Venue

Because Plaintiff alleges that the contract at issue in this case is a maritime contract, this Court's admiralty jurisdiction is invoked. The propriety of venue is here governed by 28 U.S.C. § 1391(b)(2), which provides that where jurisdiction over a civil action "is not founded solely on diversity of citizenship", venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

As evidenced by the contract at issue in this case, A & B solicited Diamond's business within the Southern District of Texas, and also entered into this contract within the Southern District. Diamond alleges that Defendant A & B then breached that contract by failing to indemnify Diamond when A & B's employee filed suit against Diamond in a state district court within the Galveston Division. The Court finds that a substantial part of the underlying events or omissions occurred within the Southern District, and thus venue is proper within this District.

The same result may be reached by a different route. Section 1391(b)(1) provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." There is only one defendant in this case, so all defendants necessarily reside in the same State. Therefore Plaintiff's choice of venue will be proper if A & B "resides" within the Southern District for venue purposes.

Section 1391(c) provides that "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Section 1391(c) further provides that if a state has more than one judicial district, the corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." A & B has sufficient contacts with the Southern District of Texas to subject it to personal jurisdiction if the Southern District were a separate state. Hence A & B is a resident of the Southern District for venue purposes, and venue is proper within the Southern District pursuant to 28 U.S.C. § 1391(b)(1). Consequently, Defendant's Motion to Dismiss for Improper Venue is **DENIED.**

*CONCLUSION*

For the reasons set forth above, Plaintiff's Motion to Dismiss, Presenting Defenses of Failure to State a Claim, Lack of Personal Jurisdiction, and Improper Venue is **DENIED.** The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. The parties are also **ORDERED** to bear their own taxable costs and expenses incurred herein to date. **IT IS SO ORDERED.**